UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE BAUGH,

    Plaintiff,

v.

JoANNE MILLER, *et al.*,

    Defendants.

Case No. 24-cv-11177
Hon. Matthew F. Leitman

_____/

### ORDER GRANTING DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS (ECF No. 5)

On May 2, 2024, Plaintiff Jimmie Baugh filed this civil-rights action against Defendants JoAnne Miller, the City of Detroit, and the Wayne County Prosecutor's Office. (*See* Compl., ECF No. 1.) The City of Detroit has now filed a motion to dismiss Baugh's municipal liability claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot., ECF No. 5.) For the reasons explained below, the motion is **GRANTED**.[1]

**I**

In this action, Baugh brings claims against the Defendants arising out of his wrongful conviction and incarceration following the shooting death of a man named Craig Landyczkowski. Relevant here, Baugh claims that Miller, a City of Detroit

---

[1] The Court concludes that it may resolve the City of Detroit's motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

1

police officer, withheld exculpatory evidence that would have exonerated him prior to trial. (*See* Compl. at ¶¶ 37-45, ECF No. 1, PageID.7-.8.)  Baugh further claims that at the time of his arrest, "the City [o]f Detroit, by and through its final policymakers, had a custom and policy to authorize, condone, tolerate and approve illegal and unconstitutional actions by Detroit Police Department officers and command staff." (*Id.* at ¶ 48, PageID.9.)  More specifically, Baugh says that "[t]he illegal and unconstitutional actions and practices included […] [c]onducting inadequate investigations into serious felony cases, such as murder, in order to expeditiously close cases, and affirmatively choosing not to develop or pursue actual leads or evidence," and he insists that the City of Detroit "through its final policymakers, further maintained a custom and policy of failing to adequately train, supervise, and/or discipline officers concerning proper and constitutionally adequate evidence collection, analysis, and disclosure, including their duty not to fabricate evidence and to disclose apparent exculpatory and impeachment evidence." (*Id.* at ¶¶ 49-50, PageID.9-10.)

## II

The City of Detroit filed a motion to dismiss Baugh's municipal liability claim on June 28, 2024. (*See* Mot., ECF No. 5.)  In that motion, the City of Detroit raised two defenses to Baugh's claim.  First, the City of Detroit argued that Baugh's claim was barred by the City's 2013 Chapter 9 bankruptcy. (*See id.*, PageID.40-44.)

2

Second, the City of Detroit argued that Baugh's allegations against the City were conclusory and failed to meet the pleading standards that the Supreme Court described in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). (*See*, *e.g.*, *id,*, PageID.44-48.)

After the City of Detroit filed its motion, the Court issued an order granting Baugh the option of filing a First Amended Complaint "in order to remedy the alleged deficiencies in his allegations." (Order, ECF No. 7, PageID.369.) The Court explained to Baugh that it did not "anticipate allowing [him] another opportunity to amend to add factual allegations that he could [then] include in [a] First Amended Complaint. Simply put, [that was] Baugh's opportunity to amend his allegations to cure the alleged deficiencies in his claims." (*Id.*) The Court instructed Baugh to file a notice with the Court by July 17, 2024, notifying the Court and the City of Detroit whether he planned to amend his Complaint. (*See id.*)

Baugh did not file any response to the Court's order. Instead, on July 29, 2024, Baugh filed a response to the City of Detroit's motion to dismiss. (*See* Resp., ECF No. 8.) The City of Detroit thereafter filed a reply. (*See* Reply, ECF No. 9.)

The Court has carefully reviewed the parties' briefing and is now prepared to rule on the motion.

III

The City of Detroit moves to dismiss Baugh's municipal liability claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss" under that rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id*. When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001). Mere "conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

IV

In its motion to dismiss, the City of Detroit argues that Baugh has failed to state a plausible claim of municipal liability under the Supreme Court's decision in

4

*Monell v. Dep't of Soc. Scvs. of the City of New York*, 436 U.S. 658 (1978). The Court agrees.

Under *Monell*, "[a] municipality cannot be held liable under [42 U.S.C.] § 1983 simply because one of its employees violated the plaintiff's constitutional rights. In other words, § 1983 does not impose *respondeat superior* liability on municipalities. In order to impose § 1983 liability on a municipality, the plaintiff must prove that the constitutional deprivation occurred as a result of an official custom or policy of the municipality." *Smith v. City of Troy, Ohio*, 874 F.3d 938, 946 (6th Cir. 2017) (internal citations omitted). "There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). "[T]o survive a motion to dismiss, a plaintiff must allege 'sufficient facts to find an applicable policy or custom.'" *Gordon v. Biernga*, 2019 WL 2205853, at *2 (E.D. Mich. May 22, 2019) (quoting *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016)). A plaintiff "cannot rely on allegations that amount to 'bare recitation of legal standards.' Rather, a plaintiff must include factual

assertions regarding an actual policy or custom that violates his rights." *Id.* (quoting *Brown v. Cuyahoga County, Ohio*, 517 F.App'x 431, 436 (6th Cir. 2013)).

Here, Baugh has failed to plead facts showing that the City of Detroit had an "actual policy or custom" that caused a violation of his constitutional rights. As the City of Detroit rightly points out in its motion to dismiss, Baugh's allegations regarding the City's alleged failure to train, supervise, and/or discipline its employees, and its alleged tolerance of its employee's unconstitutional behavior, are threadbare and conclusory. For example, Baugh has not pleaded any facts about any prior instances of unconstitutional conduct that may have put the City of Detroit on notice of a problem with its training, supervision, or discipline. Nor has Baugh pleaded facts that could establish a pattern of similar constitutional violations by untrained employees. Finally, Baugh has not identified the relevant policy makers, any facts supporting what actions those policy makers may have taken that demonstrated an approval (tacit or otherwise) of the practices he complains about, or that the City of Detroit had any reason to believe that the relevant actor(s) here were likely to violate his constitutional rights. Simply put, Baugh's allegations are no more than a "list of bare legal recitals and conclusions" that do not, in any way, "support an inference of a pattern of unconstitutional conduct." *Id.* at *3 (dismissing municipal liability claim for failing to plead any "facts that, when assumed to be true, would state a *Monell* claim under a failure to train theory, or any other theory").

Baugh has therefore failed to state a plausible municipal liability claim against the City of Detroit.[2]

Baugh counters that "his allegations are premised on information that has been exposed by journalists and through public records made available in other lawsuits that describe similar misconduct by [Detroit Police Department] officers." (Resp., ECF No. 8, PageID.398.) But the viability of Baugh's municipal liability claim does not turn on what his allegations are "premised on"; instead, the viability of that claim depends upon what the allegations *are*. And for all of the reasons explained above, the allegation here are insufficient to state a plausible claim of municipal liability. The City of Detroit is therefore entitled to dismissal of Baugh's claim against it.[3]

## V

For all of the reasons explained above, Baugh has not alleged sufficient facts to maintain his municipal liability claim against the City of Detroit.

---

[2] As explained above, the Court provided Baugh an opportunity to amend his Complaint to add the kinds of factual allegations that are missing here. Baugh declined that offer.

[3] Because the Court has concluded that Baugh has failed to plausibly state a claim against the City of Detroit, it need not, and does not, reach any conclusions with respect to the City's alternative argument that Baugh's claim against the City is barred by the City's bankruptcy.

The City of Detroit's motion to dismiss (ECF No. 5) is therefore **GRANTED**, and Baugh's claim against the City is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: November 15, 2024

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126